UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-60201-Civ-SCOLA

ION AUDIO, LLC

    Plaintiff,
vs.

MUSIC GROUP SERVICES US, INC.
and MUSIC GROUP IP LTD.,

    Defendants.
_____/

**<u>ORDER DENYING DEFENDANTS' FIRST MOTION TO DISMISS</u>**

    Ion Audio, LLC asks the Court to declare that its All-Star-Guitar product does not infringe the Defendants' patent, or to declare that the Defendants' patent is invalid. The Defendants are MUSIC Group Services US, Inc. and MUSIC Group IP, Ltd. (collectively "MUSIC Group." MUSIC Group argues that ION Audio's lawsuit should be dismissed because it impermissibly seeks an advisory opinion from the Court. For the reasons explained in this Order, MUSIC Group's first Motion to Dismiss is denied.

    A federal court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). This is known as a declaratory judgment. A declaratory judgment is not an advisory opinion. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126 (2007). Rather, a declaratory judgment resolves an actual case or controversy, as contemplated in Article III of the United States Constitution. *Id.*

    "[T]he proper test of when an action for declaratory judgment presents a justiciable controversy is 'whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Arkema, Inc. v. Honeywell, Int'l, Inc.*, No. 2012-1308, 2013 WL 425576, at *4 (Fed. Cir. Feb. 5, 2013) (quoting *MedImmune*, 549 U.S. at 127). Article III jurisdiction exists where a patent holder takes a position that puts the declaratory-judgment plaintiff in the position of either pursuing arguably illegal behavior or abandoning that which he claims a right to do. *See SanDisk Corp. v. STMicroelectronics, Inc.*,

480 F.3d 1372, 1381 (Fed. Cir. 2007).  Since MUSIC Group presents a factual attack challenging the Court's subject-matter jurisdiction here, the Court may consider evidence outside of the pleadings.  *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990).

At the 2012 Consumer Electronics Show, Ion Audio exhibited its All-Star Guitar (which was then referred to as the Guitar Apprentice).[1]  During the Consumer Electronics Show, MUSIC Group hand delivered a letter to Ion Audio's President regarding the patent at issue in this lawsuit.[2]  In the letter, MUSIC Group identifies a specific patent that it owns – Patent No. 8,093,466 for a "touch screen guitar."  The letter also identifies a particular product of Ion Audios – a "synthetic guitar" that uses a tablet computer's "touch screen."  The letter directs Ion Audio's attention to MUSIC Group's newly issued patent and reminds Ion Audio of the "severe penalties" that come along with infringement of a patent.  These penalties include "preliminary and permanent injunctive relief, seizure and destruction of infringing goods, payment of money damages that in cases of willful infringement can be trebled, and payment of attorney fees to the patent owner."  After this litany of terribles, MUSIC Group informs Ion Audio that it expects Ion Audio to respect the rights of patent owners.

The fact that the letter was hand delivered to Ion Audio's President at the Consumer Electronics Show, where Ion Audio was exhibiting its touch screen guitar, coupled with the language of the letter plainly suggests that MUSIC Group is warning Ion Audio that the All-Star Guitar is possibly infringing on MUSIC Group's new patent.  The letter, from an intellectual-property-litigation firm, makes clear that if MUSIC Group is prepared to enforce its rights as a patent owner.  Given these facts, MUSIC Group has put Ion Audio in the position of either continuing to market the All-Star Guitar and probably face a patent-infringement lawsuit, or abandoning the All-Star Guitar product, a device that Ion Audio asserts it has a valid right to market.  In this situation, Article III jurisdiction exists.

This is not a case where Ion Audio is seeking an advisory opinion of this Court.  At the time this lawsuit was filed, Ion Audio had a working model of the All-Star Guitar and had begun advertising the guitar.  It had a predicted price point, and planned on having the guitar ready to distribute to consumers in about five months.  Considering all of the circumstances, this Court

---

[1] Aamoth, Doug, *Slide to Unlock, Then Rock with the 'Guitar Apprentice' iPad Accessory*, Time.com, Jan. 12, 2012 (ECF No. 37-1 (Ex. "C")).
[2] Letter from E. Russell Tarleton, Partner, Seed Intellectual Property Law Group, PLLC, to Jack O'Donnell, President, Numark Industries, LP (Jan. 11, 2012) (ECF No. 37-1, Ex. "G").

finds that these facts show that, at the time this lawsuit was filed, the parties had adverse legal interests and had a meaningful dispute. The Court further finds, based on Ion Audio's product demonstration at the Consumer Electronics Show and MUSIC Group's letter delivered at that Show, that a real and relatively immediate patent dispute existed. Accordingly, Article III jurisdiction exists to support a claim for declaratory judgment.

For the reasons explained above, it is **ORDERED and ADJUDGED** that MUSIC Group's Motion to Dismiss (ECF No. 33) is **DENIED**. MUSIC Group's alternative motion, to compel limited discovery to determine jurisdiction, is likewise denied. Discovery in this matter shall proceed on usual track under the Federal Rules of Civil Procedure. MUSIC Group may bring a counterclaim if and when it deems appropriate.

**DONE and ORDERED** in chambers, at Miami, Florida, on March 14, 2013.

ROBERT N. SCOLA, JR.
UNITED STATES DISTRICT JUDGE